Peter A. Quinn, J.
Motion to vacate dismissal of the complaint in a malpractice action.
Plaintiff is an inmate of Pilgrim State Hospital where he was committed in May, 1958, and where he has been continuously confined except for a brief interlude in October and November, 1959.
It is his claim that while he was under treatment for a nervous and mental disorder by the defendant Sutter, in the sanitarium of the defendant Lloyd, he was injured through their joint or several negligence.
Though the cause of action arose in November, 1955 the summonses and complaints were not served until October, 1957 and issue joined in November, 1957. Except for an abortive arrangement for examinations before trial in April, 1959 the action lay completely dormant until April, 1960, when defendant Lloyd moved to dismiss for lack of prosecution. Plaintiff defaulted on this motion and it was granted on May 3,1960. No attempt is made to excuse this default or explain why, if it is excusable, no effort was ever made to vacate it.
In May, 1961 plaintiff served a bill of particulars. In the same month defendant Sutter moved to dismiss for lack of prosecution. At the repeated request of plaintiff this motion was adjourned until it came on to be heard on August 10, 1961.
On the day before the return' day of this motion plaintiff served the note of issue and certificate of readiness which defendant Lloyd promptly returned with a covering letter, dated August 11, 1961, calling attention to the dismissal of the complaint against Lloyd in May, 1960 on plaintiff’s default. Defendant Sutter’s motion to dismiss resulted in an order granting the motion with leave to plaintiff to move to vacate upon proper showing of reasonably substantial excuse for the delay buttressed by an affidavit of merits.
The affidavit of merits is supplied by plaintiff’s son, who frankly states it to be on information and belief. The sources of his information are conversations had with his deceased *535 mother, his father before his confinement and an uncle whose affidavit is not supplied nor its omission explained; though he would seem to have been in a position to have firsthand knowledge of some of the events from which the alleged malpractice is spelled out.
As an excuse for the inordinate delay reliance is placed on the disturbed mental condition of plaintiff. It is said that after November, 1955 his nervousness and mental disorder did not improve and he continued under treatment. It would seem, however, that he returned to work in March or April of 1956 and not until June, 1957 was he hospitalized at Bellevue for three months, when he again apparently enjoyed some remission until May, 1958. Judging by the date of the first claim letter, plaintiff retained attorneys on or before March, 1956.
It is not shown what plaintiff’s mental condition was from March, 1956 to June, 1957, nor from September, 1957 to May, 1958; nor is it expressly claimed that during this time his mental condition was such as to prevent preparation or prosecution of his claim; nor is it shown what efforts were made or in what particular areas or attempts his attorneys were balked. Mere silence on the subject should not be permitted to rouse the sympathetic supposition that the inaction during this period is attributable to plaintiff’s impaired mental condition. If left to inference it might lead to the conclusion that the delay which mounted during this critical two-year period between the origin of the claim and the commencement of the action cannot be satisfactorily explained.
The two-year Statute of Limitations in malpractice actions would have run out on November 7, 1957. This circumstance probably accounts for the first sign of activity which resulted in service of a summons and complaint on October 23, 1957. Quiescence settled again and two and a half years later not even defendant Lloyd’s motion to dismiss had any rousing effect. Another year went by before a bill of particulars was served. It is said in behalf of plaintiff that “ [t]he default was made without our knowledge. Had we known that the particular motion to dismiss was before the court it would have been opposed with substantial reasons ”. This is not quite the same as flatly saying that the notice of motion was never received. Nor does it say when knowledge of the default came to the attention of plaintiff’s attorneys. If they did not learn of it until August, 1961 it is hard to understand how in an action being prosecuted with reasonable diligence a dismissal by default could go unnoticed for a year and a quarter. If they learned of it before that time, it is equally *536 hard to understand why prompt measures were not taken at once to vacate the default; certainly none have been taken to date. It is urged on this motion that, since the dismissal of the complaint on default provided for the settlement of an order severing the action against the defendant Lloyd, and a settled order was not entered until October, 1961, after a lapse of more than 30 days, the motion must be deemed abandoned under the Bronx Supreme Court Bules. The rule so provides; with the exception, however, “ unless an extension shall have been granted by the court ”. The order noticed for settlement was accompanied by an affidavit of defendant Lloyd’s attorney explaining the delay and asking that it be excused. It does not appear that there was any opposition in behalf of plaintiff to settlement of the order, nor is it denied that ample notice of settlement was given. In these circumstances, the fact that the Justice to whom the order was presented on the settlement signed it, leads to the conclusion, under the presumption of regularity, that an extension was granted.
So long as that dismissal by default in favor of the defendant Lloyd stands, it is a monument to plaintiff’s unforgiven failure to diligently prosecute the action. Unless and until it be demolished by vacatur, it renders plaintiff’s protestations of good faith suspect and remains a troubling reminder of the unsubstantial character of plaintiff’s excuses for delay. It is a continuing adverse witness which cannot be ignored on this not altogether unrelated motion. The motion is denied.